```
IN THE UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF TENNESSEE
          WESTERN DIVISION
```

|  |  |
|---|---|
| MICHAEL A. ROSE d/b/a ROSE GRADING, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 17-cv-2673-SHM-tmp ) ) |
| CENTRAL USA WIRELESS, LLC, | ) ) |
| Defendant. | ) ) ) |

**ORDER**

Before the Court is Plaintiff Michael A. Rose d/b/a Rose Grading's November 1, 2017 Motion for Judgment on the Pleadings. (ECF No. 11.) Also before the Court is Defendant Central USA Wireless, LLC's November 6, 2017 Motion to Vacate Arbitration Award and Request for Oral Argument. (ECF No. 12.)

For the following reasons, Plaintiff's Motion for Judgment on the Pleadings is GRANTED, and Defendant's Motion to Vacate Arbitration Award and Request for Oral Argument is DENIED.

I.  **Background**

On October 15, 2015, Plaintiff and Defendant entered into three lease agreements (the "Leases") for certain equipment. (Compl., ECF No. 1 ¶ 5.) Each of the Leases contains an arbitration clause requiring binding arbitration administered

by the American Arbitration Association in accordance with the Construction Industry Arbitration Rules and Mediation Procedures. (Id. ¶ 6.)

On July 28, 2016, Plaintiff filed an Arbitration Demand with the American Arbitration Association. (Id. ¶ 7.) William P. Alexander III was appointed the sole arbitrator (the "Arbitrator"). (Id. ¶ 8.) The arbitration was conducted in Memphis, Tennessee. (Id. ¶ 9.)

The Arbitrator rendered an award in Plaintiff's favor on August 8, 2017. (Id.) More than thirty days after entry of the award, Defendant had not paid any amounts in satisfaction of the award. (Id. ¶ 10.)

On September 13, 2017, Plaintiff filed its Petition to Confirm Arbitration Award under 9 U.S.C. § 9. (ECF No. 1.) Defendant filed its answer on October 31, 2017. (ECF No. 10.)

Plaintiff filed his Motion for Judgment on the Pleadings on November 1, 2017. (ECF No. 11.)

Defendant filed its Motion to Vacate the Arbitration Award on November 6, 2017. (ECF No. 12.)

Defendant responded to Plaintiff's motion on November 15, 2017. (ECF No. 16.) Plaintiff replied on November 30, 2017. (ECF No. 21.)

Plaintiff responded to Defendant's motion on November 22, 2017. (ECF No. 17.) Defendant replied on November 29, 2017. (ECF No. 19.)[1]

**II. Jurisdiction & Choice of Law**

The Court has subject matter jurisdiction under 18 U.S.C. § 1332. The complaint alleges that Plaintiff is an individual resident of Shelby County, Tennessee. (Compl., ECF No. 1 ¶ 1.) Plaintiff alleges that Defendant is a limited liability company organized in Ohio. (ECF No. 23.) "[L]imited liability companies 'have the citizenship of each partner or member.'" V & M Star, LP v. Centimark Corp., 596 F.3d 354, 356 (6th Cir. 2010) (quoting Delay v. Rosenthal Collins Grp., LLC, 585 F.3d 1003, 1005 (6th Cir. 2009)). Plaintiff alleges that Defendant's sole member, Christopher Hildebrandt, is an Ohio citizen. (ECF No. 23 ¶ 7.) There is complete diversity. Cf. 28 U.S.C. § 1332(a)(1).

The complaint seeks "$96,346.45 plus compound interest on that amount at the annual rate of 6% starting thirty (30) days after the date of the [Arbitration] Award which was September

---

[1] Defendant filed its reply without seeking leave of Court. Local Rule 7.2(c) states that "[e]xcept as provided by LR 12.1(c) and LR 56.1(c), reply memoranda may be filed only upon court order granting a motion for leave to reply. Such motion for leave must be filed within 7 days of service of the response." Defendant's motion does not constitute a motion under LR 12.1(c) or LR 56.1(c). The Court will disregard Defendant's reply filed without leave under LR 7.2(c).

7, 2017." (Compl., ECF No. 1 at 3.)[2] The damages sought satisfy the amount in controversy requirement. 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]"). The Court has diversity jurisdiction.

**III. Legal Standard**

    **A. Confirming, Vacating, Modifying, or Correcting an Arbitration Decision**

The Federal Arbitration Act ("FAA") permits any party to apply to the court to confirm, vacate, modify, or correct an arbitration award. 9 U.S.C. § 9.

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.[3]

---

[2] Unless otherwise noted, citations to the record refer to the PageID number.
[3] The arbitration clause in each Lease states that any arbitration is subject to the Construction Industry Arbitration Rules and Mediation Procedures. (ECF No. 1-3 at 10-11, 15-16, 20-21.) The Court takes judicial notice that Rule 54(c) of the Construction Industry Arbitration Rules and Mediation Procedures states that "[p]arties to these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."

4

Courts play a very limited role in reviewing the decision of an arbitrator. See [Glennon v. Dean Witter Reynolds, Inc., 83 F.3d 132, 136 (6th Cir. 1996)]; Mich. Family Res., Inc. v. Serv. Employees Int'l Union Local 517M, 475 F.3d 746, 753 (6th Cir.2007) (en banc) (emphasizing the narrow scope of judicial review over labor-arbitration decisions). When a party is challenging the merits of an arbitrator's decision, rather than the arbitral procedure, see 9 U.S.C. § 10(a), we will vacate only where the arbitrator "manifestly disregarded the law," Dawahare v. Spencer, 210 F.3d 666, 669 (6th Cir. 2000). "Our review for manifest disregard of the law does not open the door to extensive review of arbitral awards." Id. "A mere error in interpretation or application of the law is insufficient. Rather the decision must fly in the face of clearly established legal precedent." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros, 70 F.3d 418, 421 (6th Cir. 1995) (citation omitted).

We will find a manifest disregard of the law only where "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle." Nationwide Mut. Ins. Co. v. Home Ins. Co., 330 F.3d 843, 847 (6th Cir. 2003) (quoting Dawahare, 210 F.3d at 669). As part of this two-prong showing, the challenging party generally must demonstrate that he or his opponent presented the allegedly disregarded legal principle to the arbitrator. See Dawahare, 210 F.3d at 670 (rejecting a challenge to an arbitration award where the challenger "point[ed] to nothing in the record that show[ed] the arbitrators' awareness of the common law that he allege[d] to be applicable"); Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 390 (2d Cir. 2003) ("In order to intentionally disregard the law, the arbitrator must have known of its existence, and its applicability to the problem before him.").

"Arbitrators are not required to explain their decisions. If they choose not to do so, it is all but impossible to determine whether they acted with

---

Construction Industry Arbitration Rules and Medication Procedures, American Arbitration Association (2015).

5

> manifest disregard [of] the law." Dawahare, 210 F.3d at 669 (emphasis added); see also Jaros, 70 F.3d at 421 ("Where, as here, the arbitrators decline to explain their resolution of certain questions of law, a party seeking to have the award set aside faces a tremendous obstacle."). In such situations, the alleged error of law often "cannot be shown with the requisite [degree of] certainty" because it is generally impossible, without engaging in unrestrained speculation, to "determin[e] what caused an arbitrator to rule as he did." Elec. Data Sys. Corp. v. Donelson, 473 F.3d 684, 691-92 (6th Cir. 2007). "If a court can find any line of argument that is legally plausible and supports the award[,] then it must be confirmed. Only where no judge or group of judges could conceivably come to the same determination as the arbitrator must the award be set aside." Jaros, 70 F.3d at 421.

Visconsi v. Lehman Bros., Inc., 244 F. App'x 708, 711 (6th Cir. 2007).

### B. Judgment on the Pleadings

The standard of review for a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Monroe Retail, Inc. v. RBS Citizens, N.A., 589 F.3d 274, 279 (6th Cir. 2009) (citation omitted).

When a plaintiff moves for judgment on the pleadings, "the motion should be granted if, on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law." Wells Fargo Bank, N.A. v. Pt. Dume Shopping

Ctr., LLC, No. 1:16-CV-00050, 2017 WL 57309, at *2 (N.D. Ohio Jan. 5, 2017) (quoting Lowden v. Cnty. of Clare, 709 F.Supp.2d 540, 546 (E.D. Mich. 2010) (internal quotation marks omitted); see also 5C Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, Federal Practice and Procedure § 1368 (3d ed. 2017) ("[T]he plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery."). "In other words, if a defendant's answer admits, alleges, or fails to deny facts which, taken as true, would entitle a plaintiff to relief on one or more claims supported by the complaint, then the plaintiff's Rule 12(c) motion should be granted." Lowden, 709 F.Supp.2d at 546 (citing Nat'l Metro. Bank v. United States, 323 U.S. 454, 456–57 (1945)).

In deciding a motion for judgment on the pleadings, "the court considers all available pleadings, including the complaint and the answer." Sollenberger v. Sollenberger, 173 F. Supp. 3d 608, 619 (S.D. Ohio 2016) (quoting Dudek v. Thomas & Thomas Attorneys & Counselors at Law, LLC, 702 F.Supp.2d 826, 832 (N.D. Ohio 2010) (internal quotation marks omitted); see Fed. R. Civ. P. 12(c); Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted); see also Wright, Miller, Kane & Marcus, supra, § 1368 ("A

7

motion for judgment on the pleadings under Rule 12(c) may be granted only if all material issues can be resolved on the pleadings by the district court."). "The court can also consider: (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion for judgment on the pleadings that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice." Dudek, 702 F.Supp.2d at 832; see Bassett, 528 F.3d at 430; Benzon v. Morgan Stanley Distribs., 420 F.3d 598, 603 (6th Cir. 2005) (citations omitted).

**IV. Analysis**

   **A. Judgment on the Pleadings**

Plaintiff moves for judgment on the pleadings, arguing that Defendant's answer concedes all material facts, that Defendant's affirmative defenses were raised before the Arbitrator, and that Defendant had not, at that time, moved to modify or vacate the arbitration decision. (See ECF No. 11 at 61.) Defendant's answer concedes that the original controversy arose from the Leases, which included arbitration provisions. (Answer, ECF No. 10 ¶ 5; Compl., ECF No. ¶ 5.) It concedes that arbitration on the Leases took place and that an award was rendered in Plaintiff's favor. (Answer, ECF No. 10 ¶¶ 7-9;

Compl., ECF No. 1 ¶¶ 7-9.) It also concedes that Defendant did not provide Plaintiff relief as required by the arbitration award. (Answer, ECF No. 10 ¶ 10; Compl., ECF No. 1 ¶ 10.) Defendant's answer asserts nine affirmative defenses: (1) the Arbitrator's decision was a manifest disregard of the law; (2) Plaintiff failed to mitigate its damages; (3) Plaintiff impermissibly assigned the Leases in violation of the anti-assignment clauses; (4) the claims are barred by an accord and satisfaction; (5) Plaintiff failed to warn Defendant; (6) Plaintiff breached the contract; (7) Plaintiff has unclean hands; (8) Plaintiff's negligence caused Defendant to suffer damages exceeding Plaintiff's claimed damages; and (9) equity favors Defendant. (ECF No. 10 at 56-58.)

Four days after Plaintiff filed its motion for judgment on the pleadings, Defendant filed its motion to vacate the arbitration award under 9 U.S.C. § 10. (ECF No. 12.) In its later response to Plaintiff's motion for judgment on the pleadings, Defendant argues that, because it has filed a motion to vacate the arbitration award, Plaintiff's motion is moot. (ECF No. 16 at 325.)

On a motion for judgment on the pleadings, the Court does not consider other pending motions. Its review is limited to the pleadings; any documents attached to, incorporated by, or

referred to in the pleadings; documents attached to the motion for judgment on the pleadings that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; public records; and matters of which the court may take judicial notice. Defendant's answer admits or fails to deny facts which, taken as true, would entitle Plaintiff to relief – confirmation of the arbitration award. See Lowden, 709 F.Supp.2d at 546.

To avoid confirmation of the award, Defendant must establish that the award should be vacated, modified, or corrected under 9 U.S.C. §§ 10 or 11. 9 U.S.C. § 9. Defendant's affirmative defenses do not support vacating, modifying, or correcting the award. Defendant's affirmative defenses do not allege that that the arbitrator was aware of some relevant law that he chose to ignore. They do not allege that "the award was procured by corruption, fraud, or undue means." 9 U.S.C. § 10(a)(1). They do not allege that "there was evident partiality or corruption in the arbitrator[]. . . ." Id. § 10(a)(2). They do not allege that "the arbitrator[] w[as] guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy," or "any other misbehavior by which the rights of any party have been

prejudiced. . . ." Id. § 10(a)(3). Defendant's affirmative defenses do not allege that "the arbitrator[] exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Id. § 10(a)(4). Defendant's affirmative defenses do not allege that the arbitration award contains some error that does not affect its merit. Id. § 11. Instead, Defendant invites the Court to exceed its limited role and conduct a *de novo* review of the arbitration award.

Because Defendant has failed to adequately allege that the arbitration award should be vacated, modified, or corrected, and because Defendant concedes the facts that entitle Plaintiff to relief, the Court must confirm the arbitration award. Plaintiff's motion for judgment on the pleadings is GRANTED.

### B. Motion to Vacate Arbitration Decision

Because the Court GRANTS Plaintiff's motion for judgment on the pleadings, it need not address Defendant's Motion to Vacate Arbitration Award and Request for Oral Argument. Even so, consideration of that Motion would not affect the outcome of Plaintiff's Motion for Judgment on the Pleadings. Defendant contends that the Arbitrator "exceeded his powers and acted in manifest disregard of the law . . . by (1) enforcing the Leases, which are unenforceable as a matter of law; and (2)

11

failing to consider unrebutted evidence that [Plaintiff] failed to mitigate his damages." (ECF No. 13 at 70.)

### 1. Validity of the Leases

The Arbitrator determined that Defendant had "failed to distinguish between (a) the assignment of contract rights under the financing agreements and (b) the prohibition of subleasing or lending the equipment that is the subject of the Leases. And, the authorities relied upon by [Defendant] concerning the enforceability of anti-assignment clauses pertain only to the assignment of contract rights. . . . After careful review of the argument of the parties and the applicable law, I hold that the Leases were not null and void as a matter of law." (ECF No. 32 ¶¶ 37-36.)

In its Motion to Vacate Arbitration Award and Request for Oral Argument, Defendant cites <u>Nationwide Mut. Ins. Co. v. United Computer Capital Corp.</u>, No. 16340, 1994 WL 78640, at *4 (Ohio Ct. App. Mar. 16, 1994), for the proposition that Ohio's anti-assignment law extends to subleasing equipment. (ECF No. 13 at 73.) Defendant has not established that this case or any similar case was before the Arbitrator when he made his determination. Because Defendant has failed to demonstrate that whether Ohio anti-assignment law extended to subleasing

equipment was before the Arbitrator, its motion to vacate on that ground fails. See Dawahare, 210 F.3d at 670.

### 2. Evidence of Mitigating Damages

The Arbitrator made no explicit finding about whether Plaintiff had failed to mitigate his damages under the Leases. Defendant does not cite any evidence that Plaintiff failed to mitigate. Defendant makes the conclusory allegation that, "despite [its] providing ample evidence that [Plaintiff] failed to mitigate his damages at the Arbitration, the [A]rbitrator failed to properly consider this evidence when making his Award, which demonstrates that the arbitrator exceeded his powers in manifest disregard of the law." (ECF No. 13 at 76.) Defendant has not demonstrated that whether a plaintiff must mitigate his damages was before the Arbitrator.

Because the Arbitrator does not explain whether Plaintiff did or did not fail to mitigate his damages, "it is all but impossible to determine whether [the Arbitrator] acted with manifest disregard [of] the law." Dawahare, 210 F.3d at 669. Also, because Defendant has not demonstrated that the question of mitigation was properly before the Arbitrator, Defendant has failed to establish that the Arbitrator acted with manifest disregard of the law. "This is not a case where one of the parties clearly stated the law and the arbitrator[] expressly

chose not to follow it." Id. at 670.  Defendant's motion to vacate the arbitration award on that ground fails.  Id.

Defendant's Motion to Vacate Arbitration Award and Request for Oral Argument is DENIED.

**V.   Conclusion**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is GRANTED, and Defendant's motion to vacate the arbitration award is DENIED.


So ordered this 4th day of June, 2018.

                              */s/ Samuel H. Mays, Jr.*
                              SAMUEL H. MAYS, JR.
                              UNITED STATES DISTRICT JUDGE